IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 3:22-cr-35 |
| KORTNEY THOMAS KELLEY, | ) | |
| Defendant. | ) | |

**DEFENDANT'S POSITION ON SENTENCING**

COMES NOW the Defendant, Kortney Kelley, by counsel, in accordance with Federal Sentencing Guidelines Manual §6A1.2 (2011) and the Sentencing Procedures Order, and represents that he has reviewed the Presentencing Investigation Report ("PSR"). He has noted no objections to the PSR. He intends to argue the appropriate sentencing factors at the hearing on May 31, 2023. In this argument, the Defendant intends to ask this Court for sentence within the guidelines range which counsel agrees has been appropriately calculated.

1. **Nature and circumstances of the offense**

Mr. Kelley has plead guilty and fully admitted responsibility for his role in this offense. Although there is ample evidence that he took advantage of pandemic loan opportunities, and committed fraud when completing them and receiving the money, it is worth noting that the entire world was in uncharted territory during the first half of 2020. The government quickly provided opportunities for citizens to apply for assistance at a time when many individuals, including Mr.

1

Kelley, had their incomes adversely affected by quarantine closures.  He acted from a place of greed and capitalized on that motivation by receiving money to which he was not entitled.

The defendant will sign a restitution agreement representing all of the funds he acquired, and looks forward to making payments towards that full amount as soon as he is released from custody.

**2. History of defendant**

As the Court can gather from the Presentence Report, Mr. Kelley is a man who grew up in very modest conditions.  While he certainly does not appear to have lived in poverty or subject to abuse, like many criminal defendants who come before the Court, he has experienced several mitigating landmarks in his life.  Most notably, his father (a truck driver) was seriously injured when Mr. Kelley was a young teenager, which caused a series of traumatic effects for the family.  Not only was his father, the primary breadwinner, unable to work; he also failed to receive a workers compensation settlement, and became disabled.  As a result, Mr. Kelley's mother suffered depression and withdrawal.  As a result of these events, the defendant dropped out of high school to begin to work and support his family.

Mr. Kelley has a GED and has routinely found working-class jobs to support himself, but has likely always been marked by the experience of never having enough income to support a family with any comfortable margin.  He also has health concerns that he has worked to control throughout his life.  His family remains supportive of him, and both his father and brother have fully cooperated with the PSR process.  His family describes him as a good man with kind intentions.

Counsel will respectfully request that the Court recommend Mr. Kelley serve any active sentence in a medical facility within the Bureau of Prisons so that he can receive a mental health assessment as well as ongoing medical treatment for his diabetes.

Additionally, although Mr. Kelley has been attributed with an enhancement for obstructive behavior, he expressed reasons for his failures to follow through on travel plans to return to Virginia during this case.  He continued to respond to phone calls and messages, and never intended to avoid responsibility for the crime.  He had a breakdown in communication with his initial attorney, but it is noteworthy that as soon as the undersigned counsel met with the defendant, he promptly entered a guilty plea and admitted his involvement in this offense.

### 3.  Need for Deterrence

The need for deterrence is certainly important in this case, since the concept of COVID-19 relief related fraud is a relatively new concept.  The prompt rollout of government assistance programs during the beginning of the pandemic was unprecedented in American history.  Many people, to include Mr. Kelley, were out of work and the loan opportunities were widely publicized as a way to assist citizens in covering their expenses during a time when many businesses could not operate. He used that money for unauthorized purposes and lied about the basic information required to receive the loans.  The Court has an obligation to alert both Mr. Kelley and other citizens that this behavior is not to be tolerated.

However, when fashioning a sentence sufficient but not greater than necessary to deter Mr. Kelley, counsel argues that this he has no criminal record to speak of.  He has never been in trouble before, let alone on felony probation with the conditions to which he will agree to be monitored by this Court upon release.  For a person with no record or history of incarceration to

3

receive both a felony conviction AND multiple years in custody is a significant deterrent for both Mr. Kelley and the general public.

For these reasons and for others which he will set forth at his sentencing hearing on May 31, 2023, Defendant will argue for this Court to sentence him within the sentencing guidelines with standard and special conditions of probation upon his release.

RESPECTFULLY SUBMITTED,

KORTNEY KELLEY

By Counsel:

_____/s/_____

Emily M. Munn, Esquire
VSB No. 46390
4000 George Washington Highway
Yorktown, VA 23692
(757) 619-1060
emily@emilymunn.law

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of May, 2023, I served a true copy of the foregoing via the CM/ECF which will notify all counsel of record of such filing.

_____/s/_____

Emily M. Munn, Esquire
VSB No. 46390
4000 George Washington Highway
Yorktown, VA 23692
(757) 619-1060
emily@emilymunn.law